HUGHES v. HUGHES.

1. APPEAL AND ERROR—JUDGMENT ON RETRIAL.
Where, on retrial, the trial judge and counsel were in doubt as to whether the reversal of the case in this court was a reversal as to intervener only or whether it also reversed the case against defendant, intervener's contention that it was error to permit plaintiff to take a judgment against defendant is without merit for the reason that when the lien established by the verdict is liquidated appellant is relieved from any further liability.

2. LOGS AND LOGGING—LIENS—VALUE OF LIEN.
In log-lien proceedings the trial court was not in error in allowing the jury to find that the plaintiff had a lien on property not exceeding in value $1,200 without finding the quantity or number of poles, posts, or ties on which plaintiff had such lien.

Error to Bay; Houghton (Samuel G.), J.   Submitted April 13, 1920.   (Docket No. 50.)   Decided June 7, 1920.

Proceedings by Frank J. Hughes under the log-lien law against John A. Hughes and the W. C. Sterling & Son Company for work and labor.  Judgment for plaintiff.  Defendant company brings error.  Affirmed.

*H. V. Spike* (*M. L. Courtright,* of counsel), for appellant.

*Collins, Thompson, Otto & McGinnis,* for appellee.

MOORE, C. J.   This action is brought by plaintiff, a brother of defendant Hughes, for whom he was foreman, under the log-lien law (3 Comp. Laws 1915, § 14843 *et seq.*), to enforce a lien claimed by plaintiff on certain cedar posts, poles and ties got out by defendant John A. Hughes, in Chippewa county, and sold by him to W. C. Sterling & Son Company under

a written contract dated February 15, 1915. Upon this trial the plaintiff recovered a judgment against John A. Hughes for $1,012.25 and for a lien of $920 upon the property described in the declaration, not exceeding $1,200. The appellant brings the case here by writ of error.

This is the second appeal of this case, the decision on the first appeal being found in 197 Mich. 690. The facts are substantially the same in the present case except that some additional facts were brought out which it is claimed should reverse the case without a new trial. A reference to the opinion written by Justice STEERE when the case was here before will make a long statement of facts at this time unnecessary.

The first question argued by counsel is that the court erred in allowing plaintiff upon this trial to recover a judgment against defendant Hughes as he already had a judgment still in force against him obtained on the first trial of the case. Upon the trial counsel for the plaintiff and the trial judge were in doubt whether the reversal of the case when it was here before was simply a reversal against Sterling & Son Company, or whether it also reversed the case against John A. Hughes. Having this doubt, a judgment was sought upon this trial against John A. Hughes as well as against the appellant who is now here. The court permitted plaintiff to take such a judgment. The amount thereof is the same as it was upon the first trial, with interest added for the intervening time. We do not think the contention of appellant in this regard is meritorious, for the reason that when the lien established by the verdict is liquidated the appellant is relieved from any further liability. We quote from the brief of counsel:

"The court erred in not granting a new trial, for the reason that he should have instructed the jury, it being admitted that the levy was excessive, that in case they found plaintiff was entitled to a lien they

must find the quantity or number of poles, posts or ties on which plaintiff had such a lien. * * *

"It was clearly error for the court to allow the jury to find that the plaintiff had a such a lien on property not exceeding in value $1,200, as such a verdict and judgment would release nothing and would hold all the poles, posts and ties. This point was made on the former trial and was especially called to the attention of the court at the conclusion of his charge, as will appear from the record in that case."

A reference to the former opinion will show that the point was raised and was settled against the contention of appellant's counsel. We shall not discuss the other assignments of error; we have examined them and think them without merit.

The judgment is affirmed, with costs to the plaintiff.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.